**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARASH MOGHADAM,<br>*Plaintiff*,<br>v.<br>MARCO RUBIO, Secretary of State, *et al.*,<br>*Defendants*. | Civil Action No. 1: 25-cv-04232 (CJN) |

**ORDER**

Plaintiff Arash Moghadam is a dual citizen and national of Germany and Iran whose application for an immigrant visa was refused by a consular officer pursuant to INA Section 221(g) and then placed into "administrative processing." ECF No. 1 (Compl.) ¶ 1; ECF No. 1-8 at 2; ECF No. 1-9 at 5. That status reflects that, although Moghadam's visa application has been "officially refused," "th[e] refusal may (or may not) be overcome with new information at a later date." *Karimova v. Abate*, 2024 WL 3517852, at *2 (D.C. Cir. 2024) (per curiam) (citing 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)). "[K]eeping the door open in administrative processing can only benefit, never hurt, [an] applicant's entry prospects." *Id.* But Moghadam alleges that the government is unreasonably delaying the adjudication of his visa application and seeks an order compelling such an adjudication.[1] Compl. ¶¶ 17–24.

[1] Moghadam sues the Secretary of State, the Attorney General of the United States, and the Consul General at the U.S. Consulate General in Frankfurt. *See* Compl. at 1–2. As an initial matter, the government contends that Moghadam lacks standing to sue the Attorney General because "officials outside the State Department . . . have no alleged role in re-adjudicating the Visa Application." ECF No. 9 at 4. The Court agrees that Moghadam lacks standing to sue the Attorney General. *See Zakeri v. Blinken*, No. 23-cv-3162, 2024 WL 3273418, at *3 (D.D.C. July 2, 2024) (explaining that the Court was not notified of "any similar visa case in which a court has held that a plaintiff had standing to sue the Attorney General"); *Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 75

It is true that, when a visa applicant "execute[s]" his application "by bringing the required paperwork to an in-person interview with a consular officer," "the consular officer—by regulation—*must* issue or refuse the visa."[2] *Karimova*, 2024 WL 3517852, at *1 (citing 9 FAM § 504.1-3(a), (g); 22 C.F.R. § 42.81(a)) (quotation marks omitted). But as the Court of Appeals recently explained, a visa applicant whose application is refused and then placed into administrative processing has still "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Id.* at *4 (citing 22 C.F.R. § 42.81; 8 U.S.C. § 1201(g)).

The government argues that Moghadam thus cannot show that the government "failed to take a discrete agency action that [they were] required to take," as required for injunctive relief under either the APA or the Mandamus Act. *Id.* at *1; *see* ECF No. 9 at 5. In response, Moghadam insists that the Court of Appeals' (unpublished) decision in *Karimova* is wrong and should be rejected. *See* ECF No. 10 at 15–16. The Court disagrees and finds that, at minimum, it offers persuasive authority that the Court opts to follow in this case. *See, e.g.*, *Ibrahim v. Blinken*, 2024

(D.D.C. 2022) (dismissing the Attorney General from an immigration mandamus suit). Although not raised by the government, the Court also holds that Moghadam lacks standing to sue the Secretary of State. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own. But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Zakeri*, 2024 WL 3273418, at *3 ("Plaintiff lacks standing to sue the Attorney General *and the Secretary of State* because he has failed to establish the causation and redressability prongs against these officials." (emphasis added)). Moghadam does, however, have standing as to the Consul General, as "a court order directed at the Consul General could redress Plaintiff's injuries." *Zakeri*, 2024 WL 3273418, at *3.

[2] Upon order of the Secretary of State, consular officers may also "'discontinue granting immigrant visas' from specified countries during certain diplomatic disputes." *Karimova*, 2024 WL 3517852, at *1 n.2 (quoting 8 U.S.C. § 1253(d)); *see also* 22 C.F.R. § 42.81(a). No such order is at issue in this case.

WL 4490286, at *3 (D.D.C. 2024) (denying preliminary injunction partially in light of *Karimova*) ("Plaintiffs have not explained why they are likely to succeed on the merits of their claim given that a unanimous decision of the D.C. Circuit, unpublished or not, would suggest otherwise.").

The government further argues that, because Moghadam received the visa refusal to which the law entitled him, his claim also fails under the consular non-reviewability doctrine. That "longstanding principle" provides that, when a consular officer decides "to admit or [] exclude" a noncitizen, his decision is "immune from judicial inquiry or interference" unless Congress specifically provides otherwise. *Dep't of State v. Munoz*, 602 U.S. 899, 907–08, 915 (2024). The Court agrees that, under *Karimova*'s logic, a refusal followed by administrative processing is itself a decision of exclusion to which the consular non-reviewability doctrine would likely apply. *See Karimova*, 2024 WL 3517852, at *6 (describing the plaintiff as seeking "yet another 'final decision' on her already-refused visa application"); *see also Motevali v. Blinken*, 2024 WL3580937, at *4 (D.D.C. 2024) (observing that *Karimova* "casts doubt on" "prior decisions [by courts in this district] rejecting the government's reliance on the consular non-reviewability doctrine in cases [involving visa applications subject to administrative processing after Section 221(g) refusals]"). But because *Karimova* expressly declined to decide whether the "principle of nonreviewability" would apply in a case that "purports to challenge the timing rather than the content of a consular visa decision," 2024 WL 3517842 at *6, the Court sees no need to do so here either. It will instead dismiss this suit because, as discussed above, Moghadam has not demonstrated that the government has a duty to take any further action with respect to his visa application.

DATE: June 11, 2026

CARL J. NICHOLS
United States District Judge